**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **RICHARD BURNETT,** | ) | **Case No.** |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Demand for Jury Trial |
| | ) | |
| **AMAZON.COM, INC.; AMAZON.COM** | ) | |
| **SERVICES, INC.; WHOLESALE** | ) | |
| **SUPPLY DEPOT; AND DOES 1-50,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

COMES NOW, Richard Burnett (hereinafter "Plaintiff") and claims and alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this action because of injuries and damages he sustained on or around October 2, 2018 when a lithium-ion battery purchased through Amazon.com for use with his e-cigarette spontaneously and without warning exploded in Plaintiff's pocket.

2. Plaintiff was taken by ambulance to Grady Hospital, 80 Jesse Hill Jr. Drive SE, Atlanta GA, 30303, where he was treated for second-degree burns to his left thigh.

3. The lithium-ion battery was purchased in 2018 through Amazon third-party Seller Wholesale Supply Depot (hereinafter "Wholesale"), whose real identity is unknown to Plaintiff.

4. Amazon.com promoted, distributed, sold, or otherwise placed the lithium-ion battery purchased by Plaintiff into the stream of commerce.

5. As a result of the battery failure, Plaintiff suffered severe and permanent injuries.

PAGE-1

6.     Defendant Amazon.com, Inc. and its subsidiary Defendant Amazon.com Services, Inc., are directly and vicariously liable for Plaintiff's injuries and damages.

## II.  PARTIES

7.     At all times material hereto, Plaintiff Richard Burnett, was a resident and citizen of the state of Georgia, domiciled in the Rockdale County, Georgia.

8.     At all times material hereto, Defendant Amazon.com, Inc., was and is a Washington Corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington.  Its registered agent for service is Corporation Service Company located at 300 Deschutes Way Southwest Suite 304 Tumwater, Washington 98501.

9.     Upon information and belief, Defendant Amazon is involved in electronic commerce and cloud computing and derives a large portion of its sales from third party vendors such as Defendant Wholesale.

10.     At all times material hereto, Defendant Amazon.com Services, Inc. (hereinafter "Amazon Fulfillment") is a Washington Corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington.  Its registered agent for service is Corporation Service Company located at 300 Deschutes Way Southwest Suite 304 Tumwater, Washington 98501.

11.     After reasonable investigation, Plaintiff was unable to identify or locate a place of operations, contact information, or any agents for Defendant Wholesale.  The true name and capacity of this entity is unknown to Plaintiff.  Plaintiff therefore directs this Complaint to the entities Plaintiff was able to identify, namely Amazon, until such a time as the identities of the aforementioned third-party sellers' names and capacities become known.

PAGE-2

12.     Plaintiff sues fictitious Defendants DOES 1 through 50 because their names and/or capacities and/or facts showing them to be liable to Plaintiff are not presently known. Plaintiff will seek leave to amend this Complaint if necessary, to reflect the true names and capacities of such fictitious Defendants when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is negligent or responsible in some manner for the events herein alleged.

### III.  JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question is at issue.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332; the Plaintiff and the Defendants are diverse and the amount in controversy exceeds $75,000.00.

14.     Defendant Amazon.com, Inc., at all material times, either directly or through entities promoted, distributed, sold, or otherwise placed into the stream of commerce the rechargeable lithium-ion battery that is the subject of this lawsuit.  The rechargeable lithium ion battery that is the subject of this lawsuit (hereinafter "the Subject Battery") was sold for use in Georgia, and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, a tort was committed in Georgia.

15.     Amazon.com, Inc, is a Washington corporation incorporated under the laws of Washington and having its principal place of business in Washington.

16.     Defendant Amazon.com Services, Inc., at all material times, worked in concert with Defendant Amazon.com, Inc. to promote, distribute, sell, deliver, or otherwise place into the stream of commerce the Subject Battery.  The Subject Battery was sold for use in Georgia, and

PAGE-3

as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of the Subject Battery, a tort was committed in Georgia.

17.    Amazon.com Services, Inc, is a Washington corporation incorporated under the laws of Washington and having its principal place of business in Washington.

18.    The incident which caused the injuries to Plaintiff occurred in Decatur, Georgia.

## IV.   FACTS

**E-Cigarettes**

19.    E-cigarettes, which are also known as e-cigs, vapes, vape pens, and mods (customizable, more powerful vaporizers) are battery operated devices that deliver nicotine through flavoring and other chemicals to users in the form of vapor instead of smoke.[1]  They were first patented in 2003 and have been available for sale in the United States since 2007.[2]

20.    E-cigarettes are designed to simulate the act of smoking traditional tobacco, allegedly with less of the toxic chemicals produced by the burning of tobacco leaves and other chemicals contained in traditional, combustible cigarettes.[3]  E-cigarettes offer doses of nicotine with a vaporized solution, often referred to as "juice," "e-liquid," or "pods," providing a physical sensation similar to tobacco smoke.

21.    Generally, electronic cigarettes operate the same way regardless of the model in that they typically consist of at least three (3) component parts: a tank, a battery that works to heat the juices or e-liquid contained in the tank, and an atomizer that converts the liquid into vapor that the user inhales.

---

[1] *See generally, Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.
[2] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017 available at https://www.usfa.fema.gov/downloads/pdf/publications/electronic_cigarettes.pdf
[3] *See generally, Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.

22.    E-cigarettes differ from traditional cigarettes in a critical way:  the e-cigarette is battery-operated and uses a heating element to produce vapor, and the traditional cigarette has no electronic component.    While both products may produce a similar physical sensation, e-cigarettes pose an additional danger - the battery-powered heating element, as well as the battery itself - that can and have caused explosions, fires, and serious injury.

23.    E-cigarettes are more dangerous than other products that contain lithium batteries because the e-cigarette is most often designed as a cylindrical device, requiring a lithium-ion battery of a similar shape.  When the device malfunctions or fails, the battery can be shot out like a bullet or rocket.[4]

24.    At least two deaths have been reported in relation to an exploding e-cigarette.[5]

25.    E-cigarettes have become increasingly popular.  They have been marketed as smoking-cessation aids and as a healthier alternative to traditional tobacco cigarettes.  The selection of products has grown at an extremely rapid rate.

26.    Since their introduction into the United States, sales have risen dramatically from approximately $20 million in 2008 to $2.5 billion in 2012.  Industry experts predict the e-cigarette industry will become an $85 billion business within a decade and surpass the tobacco industry.[6]

27.    Until recently, e-cigarette marketing has been unfettered and unregulated.  Whereas tobacco advertisements have been banned on radio and television for more than 40 years, no such restrictions have been instituted in the e-cigarette arena.  Manufacturers, distributors, and sellers of e-cigarettes therefore reach a broader consumer base than the

---

[4] United States Fire Administration, *Electronic Cigarette Fires and Explosions*, October 2012, at p. 5.
[5] *See* https://www.washingtonpost.com/health/2019/02/05/vape-pen-kills-man-after-exploding-his-mouth/.
[6] Clarke, T., *Reports of E-Cigarette Injury Jump Amid Rising Popularity, United States Data Show*, Reuters.com, April 17, 2012.

PAGE-5

tobacco industry and have the freedom to utilize the same marketing tactics previously employed by big tobacco. Namely, to tout the supposed health benefits of their products absent scientific and medical data to support such claims; to portray e-cigarette smoking as a harmless pastime on TV, radio, and in print; capitalize on individuals already addicted to nicotine; and/or encourage nicotine newcomers (mainly youths and young adults) to pick up the habit.

28.     Despite advertisements that represent e-cigarettes as a healthier alternative to traditional cigarettes, various articles have concluded that the long-lasting effects of smoking e-cigarette devices are unknown.[7]

29.     In 2017, the United States Fire Administration characterized the "combination of an electronic cigarette and a lithium-ion battery" as a "new and unique hazard" because there is "no analogy among consumer products to the risk of a severe, acute injury presented by an e-cigarette."[8]

## Plaintiff's Injury

30.     Plaintiff began using e-cigarettes in an effort to quit smoking traditional, combustible cigarettes.

31.     On or around March 9, 2018, Plaintiff purchased the four (4) batteries, including the Subject Battery, from Defendant Wholesale Supply Depot through Defendant Amazon's website.

---

[7] *See e.g.* National Academies of Sciences, Engineering, and Medicine, *Public Health Consequences of E-Cigarettes*, Washington, DC: The National Academies Press, 2018 (characterizing the use of e-cigarettes on public health as "unknown" and conclusively determining e-cigarette smokers are exposed to potentially toxic substances in addition to nicotine).

[8] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017.

32.     On or around October 2, 2018, Plaintiff had the Subject Battery in his pants pocket. Suddenly and without warning, the battery exploded and caught fire, causing Plaintiff to sustain severe burns and other damage.

33.     Plaintiff was injured while paying for breakfast at a Waffle House located in Decatur, Georgia, at 2850 E. College Ave.

34.     Amazon.com, Inc., and its subsidiary, Amazon.com Services, Inc., are entities that are involved in the business of selling products, whether for resale, sale, or consumption. Both Amazon Defendants were directly involved in the sale of the Subject Battery that harmed Plaintiff.

35.     Amazon.com, Inc. and its subsidiary, Amazon.com Services, Inc. failed to take any precautions to ensure third party manufacturers and sellers are in good standing in their home country or forum.

36.     Amazon.com, Inc., and its subsidiary, Amazon.com Services, Inc., do not vet manufacturers and their products or third-party sellers and their products to ensure the products it sells are safe.

37.     Amazon.com, Inc., and its subsidiary, Amazon.com Services, Inc., exercise substantial control over third party vendors because they have the sole discretion to suspend, prohibit, or remove and product listing and to withhold payment or terminate the contract with third party vendors.

38.     Customers are only able to communicate with third party vendors through Amazon.com, Inc., and its subsidiary, Amazon.com Services, Inc., making them the only member of the marketing chain available to Plaintiff for redress.

39.     Plaintiff purchased the Subject Battery from Defendant Amazon.com Inc., located

at 410 Terry Avenue North, Seattle, Washington.

40.     When Plaintiff received the Subject Battery, it did not include any warnings.

41.     On or around October 2, 2018, after the Subject Battery spontaneously and without warning exploded in Plaintiff's pocket, Plaintiff was taken to the emergency room at Grady Hospital, located at 80 Jesse Hill Jr. Drive SE, Atlanta, Georgia 30303.

42.     At all relevant times herein, the Defendants failed to warn Plaintiff regarding the foreseeable risks associated with the use of the Subject Battery, including, but not limited to, storing loose batteries in protective casing, using specific charging systems, and/or proper charging and transport methods.

43.     Plaintiff used the Subject Battery in a reasonably foreseeable manner and for its intended purposes.

44.     As a result of the battery explosion and concurrent fire from the battery, Plaintiff sustained severe, permanent and life-altering injuries.  Plaintiff is left physically and emotionally scarred from the burns.

## V.  CAUSES OF ACTION

### Count One – Defective Design – Product Liability

45.     Plaintiffs incorporates the preceding paragraphs by reference as if fully stated herein.

46.     At all times material hereto, Defendants and each of them were engaged in the business of selling, manufacturing, fabricating, designing, assembling, distributing, inspecting, warranting, leasing, renting, retailing, wholesaling, or advertising electronic cigarette products, including but not limited to 18650 lithium-ion batteries.

PAGE-8

47.    Defendants knew or reasonably should have known that consumers would use the lithium-ion 18650 batteries with e-cigarettes, and that consumers would keep said batteries close to their person in some manner, as Plaintiff did here.

48.    The Defendants manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold electronic cigarette products, including but not limited to the lithium-ion 18650 batteries and each of their component parts with defects in both the design, inspection, manufacturing and distribution, which made them dangerous, hazardous and unsafe for their intended use. The design, manufacturing and distribution defects in the said electronic cigarette products, including but not limited to the lithium-ion 18650 batteries, caused them to explode and/or to catch on fire in the course of their intended use.

49.    Defendants failed to warn the public and consumers of the dangers in the foreseeable and intended use of the electronic cigarette products, including but not limited to the lithium-ion 18650 batteries.

50.    The lithium-ion 18650 batteries contained a design and/or manufacturing and/or distribution defect when these products were introduced into the stream of commerce by the Defendants.

51.    The lithium-ion 18650 batteries were defective and unsafe for their intended use due to a design and/or manufacturing and/or distribution defect failed to perform as safely as an ordinary customer would expect when used in an intended and foreseeable manner.

52.    The risk of danger in the design of the lithium-ion 18650 batteries outweighed any benefits of the design, and safer alternative designs were available at the time of manufacture and distribution. Therefore, the said products presented a substantial and

PAGE-9

unreasonable risk of serious injury to the users of said products, or those in the vicinity of said products.

53.   The lithium-ion 18650 batteries were unsafe to an extent beyond that which a normal user would contemplate.

54.   As a direct and proximate result of the defects in the lithium-ion 18650 batteries, Plaintiff suffered severe personal injuries.

**Count Two – Failure to Warn – Product Liability**

55.   Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

56.   At all times material hereto, Defendants and each of them were engaged in the business of selling, manufacturing, fabricating, designing, assembling, distributing, inspecting, warranting, leasing, renting, retailing, wholesaling, or advertising lithium-ion 18650 batteries.

57.   At the time that Plaintiff purchased the Subject Battery, it lacked adequate warnings on the inside and outside of the packaging and no warnings were imprinted on the lithium-ion 18650 batteries regarding the dangers of use, charging, transportation or storage of the lithium-ion 18650 batteries.

58.   At the time Plaintiff purchased the lithium-ion 18650 battery, it lacked adequate warnings that would reasonably catch Plaintiff's attention, with regard to the use, charging, transportation or storage of the lithium-ion 18650 battery.

59.   At the time that Plaintiff purchased the lithium-ion 18650 battery there were inadequate warnings so as to give a fair indication of the risks of the use, charging, storage and/or transportation of the batteries.

PAGE-10

60.     At the time that Plaintiff purchased the lithium-ion 18650 battery it lacked adequate warnings of sufficient intensity justified by the magnitude of the risk of the use, charging, storage and/or transportation of the batteries.

61.     The Defendants knew that consumers would charge, use, store and transport lithium-ion 18650 batteries.

62.     The Defendants did not adequately warn the public and consumers of the dangers involved in the reasonable use and storage, of the said lithium-ion 18650 batteries at issue in this case.   Therefore, the lithium-ion 18650 battery presented a substantial and unreasonable risk of serious injury to the users of said products, or those in the vicinity of use.

63.     The likelihood that the lithium-ion 18650 battery would cause severe injuries like those suffered by Plaintiff rendered any warnings and instructions inadequate.

64.     The Defendants could have provided adequate warnings or instructions but did not.

### Count Three – Negligence

65.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

66.     Defendants Amazon.com, Inc. and Amazon.com Services, Inc. are liable to Plaintiff for the injuries sustained from the use of the lithium-ion 18650 batteries he purchased from and through Amazon.com, Inc. due to its negligent distribution, inspection, marketing, selling, warning, and testing of the Subject Battery.

67.     At all times mentioned herein, Defendants Amazon.com, Inc. and Amazon.com Services, Inc. were under a duty to exercise reasonable care in distributing, inspecting, marketing, warning, and selling the subject lithium-ion 18650 battery.

68.     Defendants Amazon.com, Inc. and Amazon.com Services, Inc. knew or should have known that consumers, including Plaintiff, would suffer injury as a result of their failure to exercise ordinary care as described herein.

69.     Defendants Amazon.com, Inc. and Amazon.com Services, Inc. breached their duty of reasonable care owed to Plaintiff in the following ways:

a.  Failing to properly inspect and test lithium-ion 18650 batteries before selling them to consumers;

b.  Failing to provide reasonable and adequate warnings to consumers and users of the lithium-ion 18650 batteries to alert users of the dangerous conditions described herein;

c.  Selling, distributing, and marketing lithium-ion 18650 batteries that were defective, unreasonably dangerous, and unfit for consumer use; and otherwise failing to exercise ordinary care in discharging their duties as sellers of consumer products to the general public.

d.  Failing to take adequate precautions regarding the third-party manufacturers and sellers it partners with are in good standing in their home country or forum;

e.  Failing to take adequate steps to ensure the products sold by manufacturers and/or other third-party sellers on its e-commerce website are safe;

70.     Defendants Amazon.com, Inc. and Amazon.com Services, Inc. knew or in the exercise of due care should have known that the lithium-ion 18650 batteries would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users, such as Plaintiff.

71.     Defendants Amazon.com, Inc. and Amazon.com Services, Inc. knew or reasonably should have known that the lithium-ion 18650 batteries were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.    Defendants Amazon.com, Inc. and Amazon.com Services, Inc. knew or reasonably should have known that

PAGE-12

ordinary users, like Plaintiff, would not realize the hazards and risks posed by lithium-ion 18650 batteries.

72.    At the time of the incident, Plaintiff was not aware lithium-ion 18650 batteries presented any risk of injury to him and had not been advised or informed by anyone that lithium-ion 18650 batteries could explode or otherwise pose a risk to his health and safety.

### Count Four – Breach of Implied Warranty of Merchantability

73.    Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs by reference as though fully stated herein.

74.    Defendants, and each of them, impliedly warranted that the Subject Battery was safe and effective for its intended and/or foreseeable use.

75.    Defendants, and each of them, breached their implied warranty to Plaintiff that the Subject Battery was merchantable in the following particulars:

    a.  The Subject Battery was unfit for the ordinary purpose for which it was sold; to wit: use with an e-cigarette or vape device; and

    b.  The Subject Battery failed to conform to the promise or affirmations of merchantability made by Defendants at the time of sale to Plaintiff.

Said breaches are based upon the facts as previously alleged herein.

76.    As a proximate and direct result of said breach of Defendants' implied warranty when they sold the Subject Battery to Plaintiff, he sustained personal injuries resulting in physical and emotional pain and suffering, lost wages, medical expenses, past and future in the treatment of his injuries, and other general and special damages.

**Count Five – Violation of the Magnuson-Moss Act**

77.    Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

78.    The subject batteries are "consumer products" as defined in 15 U.S.C. § 2301 (1).

79.    Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

80.    The Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. § 2301 (4) and (5).

81.    The defective batteries' implied warranties are covered under 15 U.S.C. §2301(7).

82.    The Defendants breached implied warranties by: (a) designing, manufacturing, and selling to Plaintiff, defective and unsafe batteries; (b) providing lithium-ion batteries that are not merchantable and not fit for their ordinary purpose of safely using an e-cigarette because the batteries present an unreasonable risk of thermal runaway and explosions;  and (c) not incorporating safety measures to eliminate the identified defects.

83.    At the time Defendants manufactured, sold, distributed, and/or placed the batteries into the stream of commerce, Defendants knew or should have known that the batteries had an inherently defective design that posed a unique risk of catching fire, thermal runaway, and/or explosion.

84.    Defendants breached their implied warranty of the merchantability by selling, manufacturing, distributing, supplying, and/or placing into the stream of commerce the defective battery and failing to replace the defective battery within a reasonable time and without charge.

85.    As a result of the foregoing, Plaintiffs have suffered damages.

86. The Defendant's breach was the proximate cause of Plaintiff's injuries and damages.

### Count Six – Punitive Damages

87. Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

88. At all times mentioned herein, Defendants Amazon.com, Inc. and Amazon.com Services, Inc. acted with fraud, oppression, or malice toward Plaintiff, exhibited an intention and willingness to injure Plaintiff or a conscious disregard for the rights and safety of the Plaintiff. These Defendants are liable for punitive and/or exemplary damages under choice of law principles for the reckless and/or willful disregard of the rights and safety of consumers.

89. Defendants Amazon.com, Inc. and Amazon.com Services, Inc. should be punished and made an example of by imposition of punitive or exemplary damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Medical and incidental expenses incurred and to be incurred.

B. Lost earnings and earning capacity, past and future.

C. Loss of past and future household services.

D. Pain, suffering, emotional distress, disfigurement, and loss of enjoyment of life, past and future.

E. Punitive damages in an amount to be determined at time of trial.

E. For such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

PAGE-15

Dated: September 24, 2020

Respectfully Submitted,

David A. Sleppy
**Cathey & Strain, LLC**
P.O. Box 689
Cornelia, GA 30531
706-778-2601 (telephone)
706-776-2899 (facsimile)
DSleppy@catheyandstrain.com


William A. Levin (CA Bar No. 98592)
*To Be Admitted Pro Hac Vice*
Angela J. Nehmens (CA Bar No. 309433)
*To Be Admitted Pro Hac Vice*
**Levin Simes Abrams, LLP**
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
wlevin@levinsimes.com
anehmens@levinsimes.com

***Attorneys for Plaintiff***