AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| Amazon.com, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Local 926-International Union of Operating Engineers
6521 Dale Road, Rex, GA 30273

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia | Date and Time:<br><br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/21/2021

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Amazon.com, Inc. and Amazon.com Services, LLC                                     , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**EMPLOYER: Local 926 — International Union of Operating Engineers**
**LOCATION: 6521 Dale Road, Rex, Georgia 30273**
**Re: Richard Janssen Burnett; Birth Year: 1981**

    **NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

    **NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

    **NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, insurance, certifications, communications with or about the above-named employee, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences for **Richard Janssen Burnett**.

2.

Copies of <u>all</u> documents specifying any and all cranes, equipment, and/or heavy machinery operated by **Richard Janssen Burnett** with Local 926-International Union of Operating Engineers.

3.

Any and all documentation describing the job duties, physical requirements, job descriptions, and job title of **Richard Janssen Burnett** with Local 926-

International Union of Operating Engineers.

4.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, union, employment and/ or membership and including any documents to add or separate **Richard Janssen Burnett** from any employment or policy.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD BURNETT,        )
                                )
       Plaintiff,        )
                                )     CIVIL ACTION FILE NO.
v.                         )     1:20-cv-03959-ELR
                                )
AMAZON.COM, INC.;      )
AMAZON.COM SERVICES,  )
LLC; BRASK PET SUPPLY;  )
AND DOES 1-50,         )
                                )
       Defendants.    )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **LOCAL 926-INTERNATIONAL UNION OF OPERATING ENGINEERS**, and responds to the Subpoena, as follows:

Please indicate the appropriate response below:

    [   ]   Copies of the requested materials have been attached.

    [   ]   The materials requested will be produced at the designated address.

    [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer oaths, came _____, who after being duly sworn states under oath as follows: that he/she is the records custodian for **LOCAL 926-**

13191271v.2

**INTERNATIONAL UNION OF OPERATING ENGINEERS**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____

Records Custodian for
**LOCAL 926-INTERNATIONAL UNION OF OPERATING ENGINEERS**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

13191271v.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO LOCAL 926-INTERNATIONAL UNION OF OPERATING ENGINEERS** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

| | |
|---|---|
| Frank M. Gaither, Jr. | William A. Levin |
| LAW OFFICES OF McLAUGHLIN & REAM | Angela J. Nehmens |
| | LEVIN SIMES ABRAMS, LLP |
| 365 North Interstate Pkwy, Suite 375 | 1700 Montgomery Street, Suite 2500 |
| Atlanta, Georgia 30339 | San Francisco, California 94111 |

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL & YOUNG** LLP



303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,*
*Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| Amazon.com, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Maxim Crane Works, L.P.
             1560 Veterans Memorial Highway, S.E., Mableton, GA 30126

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia | Date and Time:<br><br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/21/2021

|        CLERK OF COURT | | OR | |
|---|---|---|---|
| | | | |
| *Signature of Clerk or Deputy Clerk* | | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amazon.com, Inc. and Amazon.com Services, LLC                                               , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## EXHIBIT "A" TO SUBPOENA

### EMPLOYER: Maxim Crane Works, L.P.
### LOCATION: 1560 Veterans Memorial Hwy SE, Mableton, GA 30126
### Re: Richard Janssen Burnett; Birth Year: 1981

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

13190344v.3

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, certifications, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences and communications with or about **Richard Janssen Burnett**.

2.

Any and all documentation describing the job duties, physical requirements, job descriptions and job title of **Richard Janssen Burnett** with Maxim Crane Works, L.P.

3.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, company, employment and/ or limited partnership and including any documents to add or separate **Richard**

**Janssen Burnett** from any employment or policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES**

COMES NOW, **MAXIM CRANE WORKS, L.P.**, and responds to the

Subpoena, as follows:

Please indicate the appropriate response below:

      [   ]   Copies of the requested materials have been attached.

      [   ]   The materials requested will be produced at the designated address.

      [   ]   The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **MAXIM**

13190344v.3

**CRANE WORKS, L.P.**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____

Records Custodian for
**MAXIM CRANE WORKS, L.P.,**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13190344v.3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                    )
                                    )
            Plaintiff,              )
                                    )        CIVIL ACTION FILE NO.
v.                                  )        1:20-cv-03959-ELR .
                                    )
AMAZON.COM, INC.;                   )
AMAZON.COM SERVICES,                )
LLC; BRASK PET SUPPLY;              )
AND DOES 1-50,                      )
                                    )
            Defendants.             )

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO MAXIM CRANE WORKS, L.P.**, was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.                    William A. Levin
LAW OFFICES OF McLAUGHLIN &              Angela J. Nehmens
REAM                                     LEVIN SIMES ABRAMS, LLP
365 North Interstate Pkwy, Suite 375     1700 Montgomery Street, Suite 2500
Atlanta, Georgia 30339                   San Francisco, California 94111

13190344v.3

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,*
*Inc. and Amazon.com Services, LLC*

13190344v.3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| Richard Burnett | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:20-CV-03959-ELR |
| | ) |
| Amazon.com, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      CT Corporation System, Maxim Crane Works, L.P.
         289 S. Culver St. Lawrenceville, GA 30046-4805

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia | Date and Time:<br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/21/2021

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Amazon.com, Inc. and Amazon.com Services, LLC _____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A" TO SUBPOENA**

**EMPLOYER: Maxim Crane Works, L.P.**
**LOCATION: 1560 Veterans Memorial Hwy SE, Mableton, GA 30126**
**Re: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

13190344v.3

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, certifications, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences and communications with or about **Richard Janssen Burnett**.

2.

Any and all documentation describing the job duties, physical requirements, job descriptions and job title of **Richard Janssen Burnett** with Maxim Crane Works, L.P.

3.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, company, employment and/ or limited partnership and including any documents to add or separate **Richard**

**Janssen Burnett** from any employment or policy.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RICHARD BURNETT,          )
                                 )

        Plaintiff,       )
                                 )     CIVIL ACTION FILE NO.
v.                      )     1:20-cv-03959-ELR
                                 )
AMAZON.COM, INC.;     )
AMAZON.COM SERVICES,  )
LLC; BRASK PET SUPPLY;  )
AND DOES 1-50,        )
                                 )

        Defendants.    )

**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES**

COMES NOW, **MAXIM CRANE WORKS, L.P.**, and responds to the

Subpoena, as follows:

Please indicate the appropriate response below:

      [  ]   Copies of the requested materials have been attached.

      [  ]   The materials requested will be produced at the designated address.

      [  ]   The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **MAXIM**

13190344v.3

**CRANE WORKS, L.P.**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**MAXIM CRANE WORKS, L.P.,**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

13190344v.3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO MAXIM CRANE WORKS, L.P.**, was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

| | |
|---|---|
| Frank M. Gaither, Jr. | William A. Levin |
| LAW OFFICES OF McLAUGHLIN & REAM | Angela J. Nehmens |
| | LEVIN SIMES ABRAMS, LLP |
| 365 North Interstate Pkwy, Suite 375 | 1700 Montgomery Street, Suite 2500 |
| Atlanta, Georgia 30339 | San Francisco, California 94111 |

13190344v.3

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

HAWKINS PARNELL
& YOUNG LLP



303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:20-CV-03959-ELR |
| | ) | |
| Amazon.com, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Southland Process Group, LLC
         15 Cody Fowler Road, Suite 100, Commerce, GA 30530
         *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia | Date and Time:<br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/21/2021

        *CLERK OF COURT*
                                                    OR

        _____                    _____
        *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Amazon.com, Inc. and Amazon.com Services, LLC _____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

Case 1:20-cv-03959-ELR  Document 44-1  Filed 05/21/21  Page 32 of 118

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**EMPLOYER: Southland Process Group, LLC**
**LOCATION: 15 Cody Fowler Road, Suite 100, Commerce, GA 30530**
**Re: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, certifications, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences and communications with or about **Richard Janssen Burnett**.

2.

Any and all documentation describing the job duties, physical requirements, job descriptions and job title of **Richard Janssen Burnett** with Southland Process Group, LLC.

3.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, company, employment and/ or limited partnership and including any documents to add or separate **Richard**

**Janssen Burnett** from any employment or policy.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES**

COMES NOW, **SOUTHLAND PROCESS GROUP, LLC** and responds to

the Subpoena, as follows:

Please indicate the appropriate response below:

[  ]   Copies of the requested materials have been attached.

[  ]   The materials requested will be produced at the designated address.

[  ]   The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **SOUTHLAND**

13190467v.2

**PROCESS GROUP, LLC** that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.


_____
Records Custodian for
**SOUTHLAND PROCESS GROUP, LLC**
Name:


_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public


Page 2 of 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO SOUTHLAND PROCESS GROUP** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

| | |
|---|---|
| Frank M. Gaither, Jr. | William A. Levin |
| LAW OFFICES OF McLAUGHLIN & REAM | Angela J. Nehmens |
| 365 North Interstate Pkwy, Suite 375 | LEVIN SIMES ABRAMS, LLP |
| Atlanta, Georgia 30339 | 1700 Montgomery Street, Suite 2500 |
| | San Francisco, California 94111 |

13190467v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| | ) | |
| Amazon.com, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Corporation Service Company, Southland Process Group, LLC
             2 Sun Court, Suite 400, Peachtree Corners, GA 30092
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/21/2021

CLERK OF COURT                                      OR

_____                        _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amazon.com, Inc. and Amazon.com Services, LLC                              , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                              *Server's signature*

                                 _____
                                              *Printed name and title*


                                 _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**EMPLOYER: Southland Process Group, LLC**
**LOCATION: 15 Cody Fowler Road, Suite 100, Commerce, GA 30530**
**Re: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

13190467v.2

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, certifications, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences and communications with or about **Richard Janssen Burnett**.

2.

Any and all documentation describing the job duties, physical requirements, job descriptions and job title of **Richard Janssen Burnett** with Southland Process Group, LLC.

3.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, company, employment and/or limited partnership and including any documents to add or separate **Richard**

**Janssen Burnett** from any employment or policy.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD BURNETT,        )
                                )
        Plaintiff,      )
                                )     CIVIL ACTION FILE NO.
v.                         )     1:20-cv-03959-ELR
                                )
AMAZON.COM, INC.;      )
AMAZON.COM SERVICES,  )
LLC; BRASK PET SUPPLY;  )
AND DOES 1-50,        )
                                )
        Defendants.   )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **SOUTHLAND PROCESS GROUP, LLC** and responds to

the Subpoena, as follows:

Please indicate the appropriate response below:

      [   ]   Copies of the requested materials have been attached.

      [   ]   The materials requested will be produced at the designated address.

      [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **SOUTHLAND**

13190467v.2

**PROCESS GROUP, LLC** that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**SOUTHLAND PROCESS GROUP, LLC**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13190467v.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO SOUTHLAND PROCESS GROUP** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.
LAW OFFICES OF McLAUGHLIN &
REAM
365 North Interstate Pkwy, Suite 375
Atlanta, Georgia 30339

William A. Levin
Angela J. Nehmens
LEVIN SIMES ABRAMS, LLP
1700 Montgomery Street, Suite 2500
San Francisco, California 94111

13190467v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

HAWKINS PARNELL
& YOUNG LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*

13190467v.2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| Amazon.com, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Corporation Service Company, American Medical Response, Inc.
2 Sun Court, Suite 400, Peachtree Corners, GA 30092

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/21/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amazon.com, Inc. and Amazon.com Services, LLC                                              , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:20-CV-03959-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A" TO SUBPOENA**
**MEDICAL PROVIDER: American Medical Response, Inc.**
**PATIENT: Richard Janssen Burnett; Birth Year: 1981**
**TRIP NUMBER: 244-05823987-00**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

Copies of <u>all</u> health and treatment information, including, but not limited to, medical bills, medical reports, evaluations, questionnaires, any and all treatment notes, operative reports, diagnostic reports, medical opinions, medication administration sheets, patient care plan, progress notes, referral sheets, transfer forms, videotapes, photographs and all other health, medical and billing information and records whether in written or electronic form regarding **Richard Janssen Burnett**.

2.

Copies of <u>all</u> documentation describing AMR responders' knowledge of **Richard Janssen Burnett's** medical condition upon arrival at the scene and the care and treatment provided to **Richard Janssen Burnett** during the transportation ride to the hospital.

13191222v.2

3.

Any and all other records and/or accounting and/or billing documents in your possession related to your professional care and treatment of **Richard Janssen Burnett.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD BURNETT,       )
                                 )
      Plaintiff,        )
                                 )     CIVIL ACTION FILE NO.
v.                          )     1:20-cv-03959-ELR
                                 )
AMAZON.COM, INC.;      )
AMAZON.COM SERVICES,  )
LLC; BRASK PET SUPPLY;   )
AND DOES 1-50,         )
                               )
      Defendants.     )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **AMERICAN MEDICAL RESPONSE, INC.** and responds

to the Subpoena, as follows:

Please indicate the appropriate response below:

      [   ]   Copies of the requested materials have been attached.

      [   ]   The materials requested will be produced at the designated address.

      [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **AMERICAN**

13191222v.2

**MEDICAL RESPONSE, INC.**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**AMERICAN MEDICAL RESPONSE, INC.**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13191222v.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                    )
                                    )
        Plaintiff,                  )
                                    )        CIVIL ACTION FILE NO.
v.                                  )        1:20-cv-03959-ELR
                                    )
AMAZON.COM, INC.;                   )
AMAZON.COM SERVICES,                )
LLC; BRASK PET SUPPLY;              )
AND DOES 1-50,                      )
                                    )
        Defendants.                 )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO AMERICAN MEDICAL RESPONSE, INC.** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.                       William A. Levin
LAW OFFICES OF McLAUGHLIN &                 Angela J. Nehmens
REAM                                        LEVIN SIMES ABRAMS, LLP
365 North Interstate Pkwy, Suite 375        1700 Montgomery Street, Suite 2500
Atlanta, Georgia 30339                      San Francisco, California 94111

13191222v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

_____
Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

13191222v.2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| Amazon.com, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Gregory J. Newman, Waffle House, Inc.
               5986 Financial Drive, Norcross, GA, 30071
_____
                 _(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/21/2021
_____

 _CLERK OF COURT_
                                               OR

_____            _____
  _Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Amazon.com, Inc. and Amazon.com Services, LLC _____, who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-CV-03959-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

## LOCATION: 2840 E. College Ave, Decatur, GA 30030

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

Any and all documents in your possession related to an October 2, 2018 incident involving **Richard Janssen Burnett.**

2.

Copies of <u>all</u> incident reports, videos, photographs, interoffice memorandums, and any other documentation regarding any incidents that occurred on the premise on October 2, 2018.

3.

Copies of <u>all</u> shift schedules identifying employees and managers that were working and/or on duty on October 2, 2018 at approximately 6: 30 a.m., including the name, job title and last known contact information for each.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RICHARD BURNETT,        )
                                 )
      Plaintiff,       )
                                 )      CIVIL ACTION FILE NO.
v.                          )      1:20-cv-03959-ELR
                                 )
AMAZON.COM, INC.;     )
AMAZON.COM SERVICES,   )
LLC; BRASK PET SUPPLY;   )
AND DOES 1-50,        )
                               )
      Defendants.     )

**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES**

COMES NOW, **WAFFLE HOUSE, INC.** and responds to the Subpoena, as

follows:

Please indicate the appropriate response below:

      [   ]   Copies of the requested materials have been attached.

      [   ]   The materials requested will be produced at the designated address.

      [   ]   The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **WAFFLE**

13195124v.2

**HOUSE, INC.** that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**WAFFLE HOUSE, INC.**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13195124v.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO WAFFLE HOUSE, INC.** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

| | |
|---|---|
| Frank M. Gaither, Jr. | William A. Levin |
| LAW OFFICES OF McLAUGHLIN & REAM | Angela J. Nehmens |
| 365 North Interstate Pkwy, Suite 375 | LEVIN SIMES ABRAMS, LLP |
| Atlanta, Georgia 30339 | 1700 Montgomery Street, Suite 2500 |
| | San Francisco, California 94111 |

13195124v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

13195124v.2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | | |
|---|---|---|
| Richard Burnett | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:20-CV-03959-ELR |
| | ) | |
| Amazon.com, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Jerome Adams, MidSouth Steel, Inc.
           116 West Bryan St., Douglas, GA 31533
_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/21/2021
       _____

_CLERK OF COURT_
                                         OR
       _____              _____
       _Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Amazon.com, Inc.
and Amazon.com Services, LLC_____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____0.00_____ for travel and $ _____0.00_____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

### EMPLOYER: MidSouth Steel, Inc.
### LOCATION: 4301 Roosevelt Hwy, Atlanta, GA 30349
### Re: Richard Janssen Burnett; Birth Year: 1981

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

13191304v.2

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, insurance, certifications, communications with or about the above-named employee, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences for **Richard Janssen Burnett**.

2.

Copies of <u>all</u> documents specifying any and all welding equipment and/or heavy machinery operated by **Richard Janssen Burnett** with MidSouth Steel, Inc.

3.

Any and all documentation describing the job duties, physical requirements, job descriptions, and job title of **Richard Janssen Burnett** with MidSouth Steel, Inc.

13191304v.2

4.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, union, employment and/ or membership and including any documents to add or separate **Richard Janssen Burnett** from any employment or policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                    )
                                    )
          Plaintiff,                )
                                    )          CIVIL ACTION FILE NO.
v.                                  )          1:20-cv-03959-ELR
                                    )
AMAZON.COM, INC.;                   )
AMAZON.COM SERVICES,                )
LLC; BRASK PET SUPPLY;              )
AND DOES 1-50,                      )
                                    )
          Defendants.               )

### RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **MIDSOUTH STEEL, INC.,** and responds to the Subpoena,

as follows:

Please indicate the appropriate response below:

          [   ]   Copies of the requested materials have been attached.

          [   ]   The materials requested will be produced at the designated address.

          [   ]   The materials requested do not exist.

### AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **MIDSOUTH**

13191304v.2

**STEEL, INC.**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____

Records Custodian for
**MIDSOUTH STEEL, INC.**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RICHARD BURNETT,        )
                                  )
        Plaintiff,         )
                                  )     CIVIL ACTION FILE NO.
v.                           )     1:20-cv-03959-ELR
                                  )
AMAZON.COM, INC.;       )
AMAZON.COM SERVICES,  )
LLC; BRASK PET SUPPLY;   )
AND DOES 1-50,         )
                                  )
        Defendants.    )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO MIDSOUTH STEEL INC.** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.
LAW OFFICES OF McLAUGHLIN &
REAM
365 North Interstate Pkwy, Suite 375
Atlanta, Georgia 30339

William A. Levin
Angela J. Nehmens
LEVIN SIMES ABRAMS, LLP
1700 Montgomery Street, Suite 2500
San Francisco, California 94111

13191304v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| Richard Burnett | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:20-CV-03959-ELR |
| | ) |
| Amazon.com, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  MidSouth Steel, Inc.
                          4301 Roosevelt Hwy, Atlanta, GA 30349
                      *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/21/2021

          *CLERK OF COURT*
                                OR

    _____            _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amazon.com, Inc. and Amazon.com Services, LLC                                    , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____0.00_____ for travel and $ _____0.00_____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**EMPLOYER: MidSouth Steel, Inc.**
**LOCATION: 4301 Roosevelt Hwy, Atlanta, GA 30349**
**Re: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

13191304v.2

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, insurance, certifications, communications with or about the above-named employee, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences for **Richard Janssen Burnett**.

2.

Copies of <u>all</u> documents specifying any and all welding equipment and/or heavy machinery operated by **Richard Janssen Burnett** with MidSouth Steel, Inc.

3.

Any and all documentation describing the job duties, physical requirements, job descriptions, and job title of **Richard Janssen Burnett** with MidSouth Steel, Inc.

4.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, union, employment and/ or membership and including any documents to add or separate **Richard Janssen Burnett** from any employment or policy.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD BURNETT,         )
         )
    Plaintiff,      )
         )     CIVIL ACTION FILE NO.
v.             )     1:20-cv-03959-ELR
         )
AMAZON.COM, INC.;      )
AMAZON.COM SERVICES,   )
LLC; BRASK PET SUPPLY;   )
AND DOES 1-50,      )
         )
    Defendants.    )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **MIDSOUTH STEEL, INC.,** and responds to the Subpoena,

as follows:

Please indicate the appropriate response below:

    [   ]   Copies of the requested materials have been attached.

    [   ]   The materials requested will be produced at the designated address.

    [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **MIDSOUTH**

13191304v.2

**STEEL, INC.**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**MIDSOUTH STEEL, INC.**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,        )
                                   )
      Plaintiff,          )
                                   )     CIVIL ACTION FILE NO.
v.                        )     1:20-cv-03959-ELR
                                   )
AMAZON.COM, INC.;       )
AMAZON.COM SERVICES,    )
LLC; BRASK PET SUPPLY;   )
AND DOES 1-50,         )
                                   )
      Defendants.     )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO MIDSOUTH STEEL INC.** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.
LAW OFFICES OF McLAUGHLIN & REAM
365 North Interstate Pkwy, Suite 375
Atlanta, Georgia 30339

William A. Levin
Angela J. Nehmens
LEVIN SIMES ABRAMS, LLP
1700 Montgomery Street, Suite 2500
San Francisco, California 94111

13191304v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

13191304v.2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | |
|---|---|
| Richard Burnett | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  1:20-CV-03959-ELR |
| Amazon.com, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Amy Adelman, Emory Medical Care Foundation
Emory University, 101 Administration Building, 201 Dowman Drive, Atlanta, GA 30322

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br> 303 Peachtree Street, NE, Suite 4000<br> Atlanta, Georgia | Date and Time:<br><br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/21/2021

*CLERK OF COURT*

                                                    OR

_____            _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amazon.com, Inc. and Amazon.com Services, LLC _____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                           *Server's signature*

                                     _____
                                           *Printed name and title*

                                     _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**MEDICAL PROVIDER: Emory Medical Care Foundation**
**PATIENT: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

Copies of all health and treatment information for **Richard Janssen Burnett**, including, but not limited to, initial patient questionnaires, medical bills, any and all treatment notes, operative reports, diagnostic reports, physical therapy records, physician orders, nurses' notes, occupational therapy notes, doctor notes, pharmaceutical records, billing records, clinical test/reports, consultation reports, correspondence, dictation reports, discharge summaries, emergency room records and information, history and physical examination, intake-output log. Lab reports, medical opinions, medication administration sheets, operative supporting information, patient care plan, progress notes, referral sheets, rhythm strips, special test/therapy, all test requests and reports, transfer/referral forms, videotapes and photographs, e-rays, and radiology reports, as well as all other health medical and billing information and records whether in written or electronic form.

2.

Any and all other records and/or accounting and/or billing documents in your possession related to your professional care and treatment of **Richard Janssen Burnett.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RICHARD BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-cv-03959-ELR |
| | ) | |
| AMAZON.COM, INC.; | ) | |
| AMAZON.COM SERVICES, | ) | |
| LLC; BRASK PET SUPPLY; | ) | |
| AND DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES**

COMES NOW, **EMORY MEDICAL CARE FOUNDATION** and responds

to the Subpoena, as follows:

Please indicate the appropriate response below:

    [  ]   Copies of the requested materials have been attached.

    [  ]   The materials requested will be produced at the designated address.

    [  ]   The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **EMORY**

13191239v.2

**MEDICAL CARE FOUNDATION** that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**EMORY MEDICAL CARE**
**FOUNDATION**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13191239v.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,               )
                               )
        Plaintiff,             )
                               )        CIVIL ACTION FILE NO.
v.                             )        1:20-cv-03959-ELR
                               )
AMAZON.COM, INC.;              )
AMAZON.COM SERVICES,           )
LLC; BRASK PET SUPPLY;         )
AND DOES 1-50,                 )
                               )
        Defendants.            )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO EMORY MEDICAL CARE FOUNDATION** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.                William A. Levin
LAW OFFICES OF McLAUGHLIN &          Angela J. Nehmens
REAM                                 LEVIN SIMES ABRAMS, LLP
365 North Interstate Pkwy, Suite 375 1700 Montgomery Street, Suite 2500
Atlanta, Georgia 30339               San Francisco, California 94111

13191239v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP

303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| Richard Burnett | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  1:20-CV-03959-ELR |
| Amazon.com, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Timothy Jefferson, Grady Memorial Hospital
           80 Jesse Hill Jr. Drive, SE, Atlanta, GA 30303
           *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE, Suite 4000<br>Atlanta, Georgia | Date and Time:<br><br>06/14/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/21/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Amazon.com, Inc. and Amazon.com Services, LLC _____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A" TO SUBPOENA**

**MEDICAL PROVIDER: Grady Memorial Hospital**
**PATIENT: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

Copies of <u>all</u> health and treatment information for **Richard Janssen Burnett**, including, but not limited to, initial patient questionnaires, medical bills, any and all treatment notes, operative reports, diagnostic reports, physical therapy records, physician orders, nurses' notes, occupational therapy notes, doctor notes, pharmaceutical records, billing records, clinical test/reports, consultation reports, correspondence, dictation reports, discharge summaries, emergency room records and information, history and physical examination, intake-output log. Lab reports, medical opinions, medication administration sheets, operative supporting information, patient care plan, progress notes, referral sheets, rhythm strips, special test/therapy, all test requests and reports, transfer/referral forms, videotapes and photographs, e-rays, and radiology reports, as well as all other health medical and billing information and records whether in written or electronic form.

13191250v.2

2.

Any and all other records and/or accounting and/or billing documents in your possession related to your professional care and treatment of **Richard Janssen Burnett.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                )
                                )
          Plaintiff,            )
                                )          CIVIL ACTION FILE NO.
v.                              )          1:20-cv-03959-ELR
                                )
AMAZON.COM, INC.;               )
AMAZON.COM SERVICES,            )
LLC; BRASK PET SUPPLY;          )
AND DOES 1-50,                  )
                                )
          Defendants.           )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **GRADY MEMORIAL HOSPITAL** and responds to the

Subpoena, as follows:

Please indicate the appropriate response below:

     [   ]   Copies of the requested materials have been attached.

     [   ]   The materials requested will be produced at the designated address.

     [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **GRADY**

13191250v.2

**MEMORIAL HOSPITAL** that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____
Records Custodian for
**GRADY MEMORIAL HOSPITAL**
Name:

_____
(Print)

Sworn to and subscribed before me
this _____ day of _____, 2021.

_____
Notary Public

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                )
                                )
        Plaintiff,              )
                                )          CIVIL ACTION FILE NO.
v.                              )          1:20-cv-03959-ELR
                                )
AMAZON.COM, INC.;               )
AMAZON.COM SERVICES,            )
LLC; BRASK PET SUPPLY;          )
AND DOES 1-50,                  )
                                )
        Defendants.             )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO GRAADY MEMORIAL HOSPITAL** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.                    William A. Levin
LAW OFFICES OF McLAUGHLIN &              Angela J. Nehmens
REAM                                     LEVIN SIMES ABRAMS, LLP
365 North Interstate Pkwy, Suite 375     1700 Montgomery Street, Suite 2500
Atlanta, Georgia 30339                   San Francisco, California 94111

13191250v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP



303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,
Inc. and Amazon.com Services, LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| Richard Burnett | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:20-CV-03959-ELR |
| Amazon.com, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Academy Fence Brokers
                    846 Jefferson Hwy, Winder, GA 30680

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See "Exhibit A" attached.

| Place: Hawkins Parnell & Young, LLP | Date and Time: |
|---|---|
| 303 Peachtree Street, NE, Suite 4000 Atlanta, Georgia | 06/14/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/21/2021

*CLERK OF COURT*

                                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Amazon.com, Inc. and Amazon.com Services, LLC _____ , who issues or requests this subpoena, are:

Willie C. Ellis, Jr.; 303 Peachtree St., NE, Suite 4000, Atlanta, Georgia 30308-3243; wellis@hpylaw.com; 404-614-7400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-CV-03959-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Certified Mail, Return Receipt

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ 0.00 _____ for travel and $ _____ 0.00 _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

**EMPLOYER: Academy Fence Brokers**
**LOCATION: 846 Jefferson Hwy, Winder, GA 30680**
**Re: Richard Janssen Burnett; Birth Year: 1981**

**NOTE A:** These requests shall include any documents in the possession or control of you, your agents, representatives, and, unless privileged, your attorney of record.

**NOTE B:** These requests are continuing in nature so as to require you to produce supplemental documents as soon as you, your investigators, representatives, and/or agents obtain same or access to same in accordance with the Federal Rules of Civil Procedure.

**NOTE C:** The term "documents" refer to all documents and tangible things subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, typed or recorded material, correspondence, memoranda, notes, reports, ledgers, books, drawings, blueprints, surveys, plats, graphs, contracts, bids, proposals, invoices, receipts, diaries, desk calendars, notes of telephone conversations or other communications, videotapes, audiotapes, or transcriptions thereof, microfilm, photographs, slides, computer diskettes, hard drives, tape backups and other information and data storage devices, electronic mail, computerized data bases, and all other data compilations from which information can be obtained. Documents also include any copy of which a comment, notation or

other addition has been made or which has been otherwise altered or changed in any other manner.

**NOTE D:** If you claim that any documents are lost, destroyed or privileged, (i) identify and describe each such document by date, author, and recipient, (ii) provide a brief summary of its contents, and (iii) state the privilege(s) asserted.

The requested documents are as follows:

1.

A copy of your entire personnel file, including but not limited to applications, reviews, wages/hourly rates, overtime pay, per diems, bonuses, evaluations, certifications, benefits, health insurance and/or other medical information, disability or injury claims, discipline history, complaints and leaves of absences and communications with or about **Richard Janssen Burnett.**

2.

Any and all documentation describing the job duties, physical requirements, job descriptions, and job title of **Richard Janssen Burnett** with Academy Fence Brokers.

3.

Any and all other records and/or accounting/personnel/claim documents in your possession related to your professional association, company, employment and/or limited partnership and including any documents to add or separate **Richard**

**Janssen Burnett** from any employment or policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                    )
                                    )
     Plaintiff,                    )
                                    )       CIVIL ACTION FILE NO.
v.                                  )       1:20-cv-03959-ELR
                                    )
AMAZON.COM, INC.;                   )
AMAZON.COM SERVICES,                )
LLC; BRASK PET SUPPLY;              )
AND DOES 1-50,                      )
                                    )
     Defendants.                   )

## RESPONSE TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

COMES NOW, **ACADEMY FENCE BROKERS** and responds to the

Subpoena, as follows:

Please indicate the appropriate response below:

     [   ]   Copies of the requested materials have been attached.

     [   ]   The materials requested will be produced at the designated address.

     [   ]   The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, an officer authorized by law to administer

oaths, came _____, who after being duly sworn

states under oath as follows: that he/she is the records custodian for **ACADEMY**

13191181v.2

**FENCE BROKERS**; that any and all copies attached hereto are true and correct copies; made at or near the time of the described acts, events, conditions, opinions, or diagnoses; made by, or from information transmitted by, a person with personal knowledge and a business duty to report; kept in the course of a regularly conducted business activity; and it was the regular practice of the business activity to make the memorandum, report, record, or data compilation; and that the attached constitutes all responsive materials requested.

Dated this _____ day of _____, 2021.

_____

Records Custodian for
**ACADEMY FENCE BROKERS**
Name:

_____
(Print)

Sworn to and subscribed before me
this \_\_\_\_\_ day of _____, 2021.

_____
Notary Public

Page 2 of 2

13191181v.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD BURNETT,                    )
                                    )
        Plaintiff,                  )
                                    )          CIVIL ACTION FILE NO.
v.                                  )          1:20-cv-03959-ELR
                                    )
AMAZON.COM, INC.;                   )
AMAZON.COM SERVICES,                )
LLC; BRASK PET SUPPLY;              )
AND DOES 1-50,                      )
                                    )
        Defendants.                 )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the within and foregoing **DEFENDANT AMAZON.COM, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES TO ACADEMY FENCE BROKERS** was served by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Frank M. Gaither, Jr.
LAW OFFICES OF McLAUGHLIN &
REAM
365 North Interstate Pkwy, Suite 375
Atlanta, Georgia 30339

William A. Levin
Angela J. Nehmens
LEVIN SIMES ABRAMS, LLP
1700 Montgomery Street, Suite 2500
San Francisco, California 94111

13191181v.2

David A. Sleepy
CATHY & STRAIN, LLC
P.O. Box 689
Cornelia, Georgia 30531

DATED this 21st day of May, 2021.

**HAWKINS PARNELL
& YOUNG** LLP



303 Peachtree Street, NE, Suite 4000
Atlanta, GA 30308
Tel: (404) 614-7400
wellis@hpylaw.com
cwalker@hpylaw.com

Willie C. Ellis Jr.
Georgia Bar No. 246116
Mark Coleman Walker Jr.
Georgia Bar No. 688704
*Counsel for Defendants Amazon.com,*
*Inc. and Amazon.com Services, LLC*